Coyle v. Coyle.

---

PATRICK COYLE *vs.* JAMES COYLE, Administrator.

1. In a case commenced in the court for the trial of small causes, if the state of demand filed is for more than the amount claimed in the summons, the variance is fatal, if objected to on the trial ; or if the defendant does not appear, and the plaintiff gets judgment, this court will reverse the judgment on *certiorari*.

2. But if the defendant appear on the return of the summons, and obtain an adjournment, and then does not appear at the trial, and the plaintiff gets judgment, this court will not reverse the judgment because it is rendered for more than the amount set forth in the summons.

3. If the defendant has any remedy, it is upon the ground of surprise and merits, and by showing that he was misled by the summons, and was ignorant of the amount claimed in the state of demand.

Coyle v. Coyle.

This was a *certiorari* to a justice of the peace, brought to review the proceedings and judgment in an action of debt, in which the administrator of James Coyle, deceased, was plaintiff, and Patrick Coyle was defendant. The summons was for *thirty dollars*. The demand filed was for a book account and interest, amounting in all to $100. On the return day of the summons, the plaintiff appeared, and the defendant sent word that he wished an adjournment, which was granted. On the adjourned day the parties appeared, and a further adjournment was granted at the plaintiff's request. On the last adjourned day the plaintiff appeared; the cause proceeded to trial in the absence of the defendant, and judgment was entered for the plaintiff for $100 debt, besides costs. The reason chiefly relied on for reversal was, that the summons was for $30, and the demand and judgment for more than that amount.

The case was argued before POTTS and VREDENBURGH, Justices, by *Weart*, for plaintiff in *certiorari*, and *Ransom*, for defendant.

The opinion of the court was delivered by

POTTS, J. If on the return day of the summons, or at any adjourned day subsequently, in case the defendant had never appeared to the action, the cause had been tried, and judgment entered in his absence, there is no doubt the variance between the summons and state of demand would have been fatal; because in such case the plaintiff proceeds at his peril, and to maintain his judgment, must show that all his proceedings are regular. A defendant summoned to answer to a demand of $30, may decline appearing to the suit, for the very reason that he is satisfied he justly owes that amount, and is willing the plaintiff should take his judgment for the sum demanded; but it would be a gross wrong to him if the plaintiff could summon him into court to answer to a demand for a sum

he does not deny that he owes, and then turn round and demand, and recover in his absence, a much larger sum against him. The 13th section of the act constituting courts for the trial of small causes, (*Nix. Dig.* 393) in expressly directing that the justice shall enter in the body of the summons the sum demanded, and endorse the same on the writ, and in providing that if the defendant shall pay the same and costs without any further proceedings, the constable shall receive the same, and that his receipt shall be a full discharge from such debt, &c., shows very clearly that it was the design of the legislature that the real debt claimed should be inserted in the process.

But the defendant's difficulty in this case is, that he did appear before the justice on the return day of the summons, not indeed in person, but by some one authorized, and whose authority was recognized by the justice to act for him, and made a motion in the cause; or he employed *some* instrumentality; he sent word; he moved in the cause; he asked for an adjournment. The legal effect of this step was, that he appeared to the action. He was then, constructively at least, in court when the summons was returned and the state of demand filed, and he is legally charged with notice of the contents of the state of demand.

The purpose of the writ was to bring the defendant into court, and he came. The purpose of the state of demand was to apprise him of the particulars of the demand, and he took no exception to the variance. He subsequently appeared on the day to which the case was first adjourned, and the plaintiff then obtained a further adjournment; and finally the defendant suffered the cause to be tried in his absence. He cannot now go behind these proceedings and interpose the objection that the summons and state of demand varied in amount.

Perhaps, if the defendant had put himself upon the ground of surprise and merits, and laid before the court a proper affidavit, we should have felt warranted in revers-

ing the judgment, to the end that he might have had an opportunity to defend in another suit. But he does not show that he was ignorant of the amount claimed in the demand filed, or was misled by the amount inserted in the summons, and thereby induced to neglect the suit. Nor does he even attempt to show that injustice has been done him by the judgment.

The judgment must be affirmed.

CITED *in Steward* v. *Sears*, 7 *Vr.* 175.